# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cr-89-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MUQUAN BASIER ALI KENNEDY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Modify Sentence to Allow State and Federal Sentences to Run Concurrently. (Doc. No. 30). The Government has filed a response in opposition to the motion. (Doc. No. 32). For the following reasons, the motion is denied.

## I. BACKGROUND

On July 24, 2023, Defendant Muquan Basier Ali Kennedy filed a pro se letter (Doc. No. 30), interpreted as a motion, that appears to ask this Court to run his federal sentence concurrent with a state sentence he received in an unrelated case. A federal grand jury indicted Defendant on three counts in this Court on August 7, 2019. The Court issued an order for his arrest, but Defendant was later found to be in state custody, so a Writ of Habeas Corpus ad Prosequendum was issued. Defendant had his initial appearance in this case on December 28, 2020.

On February 8, 2021, Defendant, represented by counsel, entered a guilty plea pursuant to a plea agreement. (Doc. No. 15). Defendant's plea garnered several concessions from the Government. In exchange for Defendant's plea to Count Three, a violation of 18 U.S.C. § 922(g)(3) carrying a ten-year maximum sentence and no mandatory minimum sentence, the Government agreed to dismiss Counts One and Two. Count One was a drug trafficking offense

1

that carried a mandatory minimum sentence of five years and a maximum sentence of forty years, a fine of up to $5 million, and at least four years of supervised release. In Count Two, Defendant faced a mandatory consecutive sentence of five years and a maximum of life imprisonment.

By pleading to Count Three, Defendant avoided exposure to the higher sentences and terms of supervised release those crimes carried. Instead, Defendant received a sentence (Doc. 28) of 46 months' imprisonment and three years of supervised release. The 46 months' imprisonment correlated to the low end of the guidelines range calculated in the Presentence Report. (Doc. No. 24, ¶ 73). This complied with another condition of the plea agreement, as the Government agreed to recommend a sentence at the low end of the applicable range (Doc. 15, ¶ 8d).

Having received this sentence in 2021, Defendant now seeks this Court to order this sentence to run concurrently with his state sentence. As grounds, he offers that there may have been some willingness between the prosecutors to enter some sort of arrangement at the time, his hard work and achievements, and a request for mercy. (Doc. No. 30, p. 1).

**II.     DISCUSSION**

"The law closely guards the finality of criminal sentences against judicial change of heart." United States v. Layman, 116 F.3d 105, 109 (4th Cir. 1997) (internal quotation omitted); see also Johnson v. United States, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts.").

The federal statute governing the imposition of federal sentences, 18 U.S.C. § 3582, states that a sentence including a term of imprisonment "constitutes a final judgment." 18 U.S.C. §3582(b). A district court "may not modify a term of imprisonment once it has been imposed"

2

unless the Bureau of Prisons moves for a reduction, Federal Rule of Criminal Procedure 35 "expressly" permits it, or the Sentencing Commission amends the applicable Guidelines range. Id. at 3582(c).

Here, Defendant has not presented this Court with any legal authority to modify his sentence, and it appears there is none. Even if the Court were to find that there was some legal authority permitting it to revisit Defendant's sentence, the motion would still be denied. While Defendant's plea bargain did not include any agreement or recommendation regarding his federal and state sentences running concurrently, he did gain several concessions, including dismissals of counts carrying longer mandatory sentences and a recommendation for a low-end Guidelines sentence.

As Defendant's attorney made clear at sentencing, Defendant was aware of two additional things: the potential of consecutive prison time for state sentences and that there was no agreement between Defendant and the prosecutors involved that his cases would be consolidated. Defendant's counsel, in arguing for a sentence at the lower end of the guidelines, stated to the Court at sentencing:

> "[M]y client still has a number of pretty serious trafficking charges that are pending in state court that are going to carry mandatory sentences with those. They are pending in Rowan County and I think there are eight charges that are still pending there to be resolved at the conclusion—at the completion of the federal sentence. We tried to wrap all of that up together but were unsuccessful in doing so…As I said, when he is finished serving this sentence, he is still facing significant state time as a result of those pending charges."

(Sentencing Trans., Doc. No. 27, p. 11).

Further, as counsel for the Government told the Court at sentencing, there was never an agreement that the sentences should run concurrently. In fact, the Government explicitly informed the Court that while some sort of global resolution was broached with the state

3

prosecutor, those efforts were unsuccessful. In his argument at sentencing, counsel for the Government informed the Court that he had spoken with the state prosecutor and asked whether, if Defendant pleaded to Counts One and Two—which would have resulted in at least 10 years' imprisonment—that would be sufficient to cause the state to dismiss the cases. The prosecutor was "basically told no, that there—if I could get 15, maybe." (Id. at p. 14). With a fifteen-year sentence seeming highly unlikely for the federal charges, the Government proceeded with the plea agreement.

As the Government notes in its response, Defendant fared significantly better than a cumulative 15 years. That is, he received 70 to 93 months' imprisonment for the Rowan County offenses, to go along with the 46 months in this action, or a resulting 116 to 139 months' cumulative sentence. These sentences represent consecutive punishment for separate, unrelated criminal conduct in separate jurisdictions. The closest the parties got to some sort of agreement on concurrent punishment was the state's tentative offer to dismiss its charges if Defendant received a 180 months' sentence in federal court, an outcome significantly worse than the one Defendant achieved separately.

In sum, Defendant fails to raise a legal justification for this Court to reconsider its original sentence. Even if there was some justification, his factual arguments are insufficient to reopen the finality of a decision where the parties and the Court were aware of Defendant's legal situation. Thus, the Court denies Defendant's motion.

### III. CONCLUSION

For the reasons stated herein, Defendant's pro se Motion to Modify Sentence to Allow State and Federal Sentences to Run Concurrently, (Doc. No. 30), is **DENIED**.

Signed: August 24, 2023

Max O. Cogburn Jr.
United States District Judge

5